UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

IGNATIUS BENJAMIN UDEZE EZENWA a/k/a Ignatius
Benjamin Ezenwa Udeze,

                Petitioner,

v.                                          9:23-CV-0350
                                             (DNH/DJS)

D. CHRISTENSEN, Warden,

                Respondent.

---

**APPEARANCES:**                                  **OF COUNSEL:**

IGNATIUS BENJAMIN UDEZE EZENWA
Petitioner pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, New York 12977

UNITED STATES ATTORNEY'S OFFICE      FORREST T. YOUNG, ESQ.
Counsel for Respondent
100 South Clinton Street
Suite 900
Syracuse, New York 13261

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    Petitioner Ignatius Ezenwa seeks federal habeas corpus relief pursuant to 28 U.S.C.

§2241. Dkt. No. 1, Petition ("Pet.").[1] He challenges the Bureau of Prison's ("BOP")

decision to deny him 365 days of First Step Act time credits. Pet. at 2, 6, 7; Pet. Mem. at 1,

---

[1] Citations to the parties' submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

3-5. Petitioner seeks recalculation of his jail time, immediate release, and compensation for the ten months-time he has been unnecessarily incarcerated beyond the expiration of his sentence. Pet. at 7; Pet. Mem. at 6.

On November 20, 2023, the undersigned issued an Order to Show Cause, giving Petitioner thirty (30) days' time to provide the Court with his current address. Dkt. No. 8, Order to Show Cause ("November OTSC"). Petitioner was warned that failure to comply with the November OTSC would result in the undersigned recommending dismissal of the instant action. *Id.* at 3-4. The following day, the Court also stayed the answer deadline pending resolution of the November OTSC. Dkt. No. 9, Letter Motion (requesting stay); Dkt. No. 11, Text Order (granting request).

The November OTSC was mailed to Petitioner's last known address on November 20, 2023. *See* Dkt. Entry for November OTSC. On December 4, 2023, the mail was returned to the Court with a notation that delivery was "attempted" and, presumably, that the forwarding address was "not known [because the envelope indicated the post office was] unable to forward," the letter. Dkt. No. 12 at 1.

Similarly, the text order staying the answer deadline was mailed to Petitioner's last known address on November 21, 2023. *See* Dkt. Entry for Text Order. On December 6, 2023, the mail was also returned to the Court with an identical notation. Dkt. No. 13 at 1.

Local Rules 10.1(c)(2) and 41.2(b) act together to allow dismissal of a pending action when pro se litigants fail to notify the Court of their change of address. *Hill v. Donelli*, 2008

WL 4663364, at *2 (N.D.N.Y. Oct. 20, 2008) (collecting cases).  Moreover, Federal Rule of Civil Procedure 41(b) also permits dismissal of an action for failure to prosecute or comply with a court order.  *Rosa v. Napoli*, 2011 WL 6103473, at *1-2 (N.D.N.Y. Dec. 7, 2011) (citing cases).

Here, respondent stated that Petitioner has not been at his last known address since April of 2023, and has not been in federal custody, let alone the country, since July of 2023.  Dkt. No. 6 at 1; Dkt. No. 6-1 at 1-2.  These representations are further bolstered by the fact that both of the Court's November Orders were promptly returned with notations that the mail was unable to be forwarded.  This Court has done its best to provide Petitioner with a warning and opportunity to comply with the Local and Federal Rules; however, the attempts were unsuccessful.  Any future attempts are "futile as the Court has no means by which to contact the [Petitioner]."  *Ramadan v. Niagara County*, 2014 WL 2865093, at *4 (W.D.N.Y. June 24, 2014) (citations omitted).

Accordingly, the undersigned recommends dismissing the instant action for Petitioner's failure to comply with local and federal rules and prosecute the instant action.

**ACCORDINGLY**, it is

**RECOMMENDED** that the petition, Dkt. No. 1, be **DISMISSED;** and it is further

**ORDERED** that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which

to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989));  *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated:  January 2, 2024
         Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge